IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11114
Conference Calendar

_____


JAMES FRANKLIN TAYLOR;
BOBBY WAYNE HAMMONDS,

Plaintiffs-Appellants,


versus


JOHN GAGE, Sheriff;
KAREN CRAVENS, Lieutenant,

Defendants-Appellees.

* * * * * * * * * * * *

JAMES FRANKLIN TAYLOR,

Plaintiff-Appellant,

versus

JOHN KNIGHT, Captain,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-97-BC
- - - - - - - - - -
December 10, 1996
Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

As a threshold issue this court must determine whether jurisdiction exists for the appeal of Bobby Hammonds, who did not sign the notice of appeal filed by applicant James Taylor, # 679951. Such jurisdiction is lacking because Hammonds thereafter failed to file a timely notice of appeal or notification of his intent to appeal. See Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991); Fed. R. App. P. 4(a). The final judgment was entered August 15, 1996, and Taylor filed the notice of appeal on August 28. Hammonds had 30 days after entry of judgment or 14 days after Taylor filed the notice, whichever was later, in which to file his notice of appeal. Id. This court did not receive Hammonds' notice of appeal until October 4, 1996. Accordingly, Hammonds' appeal is DISMISSED.

Taylor moves this court for leave to appeal in forma pauperis (IFP) from the district court's judgment dismissing his claims in this civil rights action, and imposing sanctions. Under 28 U.S.C. § 1915, as amended effective April 26, 1996, a prisoner moving to appeal IFP must submit with his motion to proceed IFP a certified copy of his prison trust-account statement for the six-month period immediately preceding the filing of his notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

Section § 1915 also requires a prisoner to pay the full filing fee when filing an appeal IFP, unless insufficient funds

exist in his prison account. In that case, the court must assess, and when sufficient funds exist, collect, an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account; or (2) the average monthly balance in the prisoner's account for the previous six-month period. Thereafter, the prisoner is required to make monthly payments of twenty percent of the preceding month's income, until the filing fee is paid. 28 U.S.C. § 1915(b).

In addition to making the required financial showing, a movant for IFP on appeal must show that he will present a nonfrivolous issue on appeal. Fed. R. App. P. 24(a); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). An issue is frivolous if it lacks an arguable basis in law or in fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Taylor's motion for leave to appeal IFP is DENIED without prejudice. He may file a renewed IFP motion within 30 days after the date of this order, to be accompanied by (1) a brief showing that he will present a nonfrivolous issue, and (2) the necessary documents for him to comply with amended 28 U.S.C. § 1915.

Taylor has moved for appointment of counsel on appeal. This court will appoint counsel in a civil rights case only if there are exceptional circumstances requiring the assistance of counsel to present the appeal to the court. Hulsey v. State of Texas, 929 F.2d 168, 172-73 (5th Cir. 1991). IT IS ORDERED that this

motion is DENIED without prejudice.  If Taylor wishes to renew his said motion, he must show that there are exceptional circumstances which justify granting it.  Any renewed motion must be filed within 30 days of the date of this order.

Taylor has moved for production of the trial transcript at government expense.  IT IS ORDERED that this motion is DENIED, without prejudice to his renewing the motion within 30 days after the date of this order.  If Taylor renews his motion, he must show what specific nonfrivolous issues he will raise, what specific factual arguments support those issues, and the specific reasons why a transcript is necessary for disposition of those issues.  See 28 U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, 471 U.S. 1126 (1985).

APPEAL DISMISSED AS TO HAMMONDS; MOTIONS DENIED AS TO TAYLOR.